IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

BRO T. HESED-EL,                      )
                                      )
            Plaintiff,                )
                                      )
      v.                              )            CV 118-005
                                      )
WELLS FARGO BANK, N.A., et al.,       )
                                      )
            Defendants.               )
                           _____

**O R D E R**
                           _____

This matter is before the Court on Defendant Aldridge Pite, LLP's motion to stay Rule 26 deadlines pending the Court's ruling on Defendants' motions to dismiss (doc. nos. 13, 16). For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 14.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case."

Indeed, Defendants have moved for dismissal of the case in its entirety, (see doc. nos. 13-1, 16), and, despite filing an opposition to the motions to dismiss, Plaintiff does not oppose the motion to stay. (Doc. no. 19.) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motions to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005).

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendants' motions to dismiss. Should any portion of the case remain after resolution of the motions, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.

SO ORDERED this 16th day of May, 2018, at Augusta, Georgia.


BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA