IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRO T. HESED-EL,                    *
                                    *
    Plaintiff,                      *
                                    *
    v.                              *    CV 118-005
                                    *
ALDRIDGE PITE, LLP; WELLS           *
FARGO BANK, N.A.; and FEDERAL       *
NATIONAL MORTGAGE ASSOCIATION,      *
                                    *
    Defendants.                     *

O R D E R

Before the Court is Defendant Aldridge Pite, LLP's ("Defendant Aldridge") motion to dismiss (Doc. 13) and Defendants Wells Fargo Bank, N.A. ("Defendant Wells Fargo") and Federal National Mortgage Association's ("Defendant Fannie Mae") joint motion to dismiss (Doc. 16). In addition, Plaintiff Bro T. Hesed-El ("Plaintiff") has filed the following motions: a motion for leave to amend complaint, to add parties, and for a restraining order (Doc. 21); a motion to address Defendants' defamatory language (Doc. 32); a second motion for leave to amend complaint (Doc. 34); and a motion for mandatory judicial notice (Doc. 44). For the following reasons, Defendants' motions to dismiss (Docs. 13, 16) are **GRANTED**, and Plaintiff's motions (Docs. 21, 32, 34, 44) are **DENIED AS MOOT**.

## I. BACKGROUND

Proceeding *pro se*, Plaintiff brings this case as trustee[1] of the Taqi El Agabey Trust[2] (the "Trust") on behalf of the Trust's beneficiaries.[3] The Trust appears to consist of property at 2818 Meadowbrook Drive, Augusta, Georgia 30906 (the "Meadowbrook Property") and 3620 Goldfinch Drive, Augusta, Georgia 30906 (the "Goldfinch Property") (collectively, the "Properties"). (Compl., at 6.) Plaintiff's claims stem from the owners of the Properties defaulting on their loans.

Individuals other than Plaintiff[4] secured loans on the Properties but later defaulted. Defendant Aldridge served as foreclosure counsel for the Goldfinch Property and sent communications and notices of the foreclosure sale to Stephen Lee. (Def. Aldridge Mot. to Dismiss Br., Doc. 13-1, at 5-6.) At non-judicial foreclosure sales, Defendant Wells Fargo took title to the Properties. (Goldfinch Deed Under Power, Doc. 13-4; Meadowbrook Deed Under Power, Doc. 13-9.) After the Meadowbrook

---

[1] Plaintiff alleges the High Council of the Trust appointed him as trustee. (Second Am. Compl., Doc. 34-1, ¶ 32.)
[2] Plaintiff states that the Trust "is a religious common law business organization . . . It, and its property, under the divine laws of the Holy Koran of Mecca Love Truth Peace Freedom and Justice." (Second Am. Compl., ¶ 25.) Although the Trust's validity is in question, the Court proceeds as if there is a trust and Plaintiff is its trustee.
[3] Plaintiff fails to name the beneficiaries of the Trust, stating only that "[t]he Beneficiary shall be known as The Taqi Eyr Hhamul Hesed El Family Estate." (Compl., Doc. 1, at 6.)
[4] Stephen Lee was the borrower for the Goldfinch Property. (Foreclosure Letter, Doc. 1-1, at 11; Goldfinch Property Security Deed, Doc. 13-2, at 1.) Hemraj Deoraj and Doris E. Deoraj were the borrowers for the Meadowbrook Property. (Meadowbrook Deed Under Power, at 1.)

2

Sale, Defendant Fannie Mae filed a dispossessory action: <u>Federal National Mortgage Association v. Deoraj</u>, No. 904689, Magistrate Court of Richmond County, Georgia. (<u>See</u> State Magistrate J., Doc. 1-1, at 13.) Because defendants in that action[5] failed to timely appear, the court entered a Judgment and Final Writ of Possession for Defendant Fannie Mae.[6] (State Magistrate J., at 13.)

On January 3, 2019, Plaintiff initiated this suit by filing a form document titled "Complaint for the Conversion of Property" claiming the following: (1) Defendants violated the Fair Debt Collection Practices Act; (2) the State Magistrate Judgment is void; and (3) a temporary restraining order should be ordered halting all activity pertaining to the Properties. (Compl., at 7.) In his Second Amended Complaint, Plaintiff attempts to add parties and a fraud claim.[7] (Second Am. Compl., at 7-8, 28-29.) Defendants argue Plaintiff's complaint should be dismissed under Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6). (Def.

---

[5] The defendants in the dispossessory action are "Doris E. Deoraj, Hemraj Deoraj and All Others Including Bro T. Hesed-El." (State Magistrate J., at 13.)

[6] Defendants attempted to remove the case to this Court, but the case was remanded. (Fed. Nat'l Mortg. Ass'n v. Deoraj, CV 117-143, Order Adopting R. & R., Doc. 11.)

[7] On May 17, 2018, Plaintiff filed his first motion for leave to file an amended complaint. (Doc. 21.) On June 20, 2018, Plaintiff filed his second motion for leave asking the Court to "[d]isregard his [first] motion for leave (Doc. 21) and replace it with this one," withdraw his "old proposed amended complaint and replace it with this defined one," but still "[i]ncorporate by reference each page of Doc. 21-1, as if each were fully attached hereto." (Second Mot. for Leave, Doc. 34, at 1.) Plaintiff states his proposed amendments do "not reshape the cause of action" or "allege[] any new claims." (Second Mot. For Leave, ¶ 4.) Regardless, the Court finds that, as noted, Plaintiff does attempt to assert a new fraud claim.

3

Aldridge Mot. to Dismiss, Doc. 13, at 1; Defs. Wells Fargo & Fannie Mae Mot. to Dismiss, Doc. 16, at 1.)

## II. DISCUSSION

Although individuals are free to represent their own interests without counsel under 28 U.S.C. § 1654, nonlawyers may not represent other individuals or entities. Michel v. United States, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null."). When a nonlawyer trustee brings a claim on behalf of a trust or its beneficiaries, he is not representing his own interests; thus, the trustee "has no authority to appear as an attorney." In re Hamblen, 360 B.R. 362, 368 (Bankr. N.D. Ga. 2006); see Mitchelle Art 89 Tr. v. Astor Alt, LLC, No. 1:15-cv-00463-WSD, 2015 WL 4394887, at *3-4 (N.D. Ga. July 15, 2015) (Duffey, J., *adopting* Baverman, M.J.) (finding trustee could not proceed *pro se* because complaint failed to (1) identify beneficiaries and (2) show that trustee was "the beneficial owner of the claims asserted"); cf. Devine v. Indian River Cty. Sch. Bd., 121 F.3d 576, 581-82 (11th Cir. 1997) (Court stated, "[P]arents who are not attorneys may not bring a *pro se* action on their child's behalf . . . ."), *overruled, in part, on other grounds*, Winkelman ex rel. v. Parma City Sch. Dist., 550 U.S. 516 (2007); Franklin v. Garden State Life Ins., 462 F. App'x

4

928, 930 (11th Cir. 2012) (per curium) (affirming dismissal because nonlawyer plaintiff may not proceed *pro se* as administrator of estate). The Court notes that, under Federal Rule of Civil Procedure 17(a)(1), a trustee can file suit in his own name. The trustee, however, is still only a fiduciary to the trust and, thus, cannot proceed *pro se* on its behalf. See Devine, 121 F.3d at 581 (Rule 17 "permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel.").

Plaintiff does not assert he is bringing this suit in his individual capacity,[8] but only that he brings this suit as trustee on behalf of unnamed beneficiaries.[9] (Compl., at 1, 4, 6.) Thus, Plaintiff, proceeding *pro se*, cannot bring this action, and his claims must be dismissed.[10] See Franklin, 462 F. App'x at 930 ("Because [plaintiff], as a non-lawyer, was not permitted to proceed *pro se* on behalf of [the] estate, she can prove no set of facts entitling her to relief. Thus, the district court properly dismissed her complaint pursuant to Rule 12(b)(6)."); Khan El v.

---

[8] Plaintiff captioned the case as brought by "Bro T. Hesed-El, A Private Trustee of a Religious Trust." (Compl., at 1.)
[9] Plaintiff states that he "is indemnified from all liability concerning the direction of [the] trust assets." (Compl., at 6.) Plaintiff further states, "I am a trustee only," thereby dispelling any suggestion that he is also a beneficiary or is bringing this suit on his own behalf. (Compl., at 4; see also Pl.'s Resp. to Mots. to Dismiss, Doc. 19, at 11 ("Plaintiff, in the capacity of administrator trustee, said he brings this suit to benefit the Beneficiary . . . under [] Rule 17(a).").)
[10] Plaintiff's amended complaints (Docs. 21, 34-1) do not modify this analysis because they do not contain claims made by Plaintiff on his own behalf.

5

CitiMortgage, Inc., No. 1:16-CV-4128-ELR-JFK, 2017 WL 2909417, at *2-3 (N.D. Ga. Feb. 6, 2017) (citing Franklin, court dismissed without prejudice), *adopted by*, 2017 WL 3000046 (N.D. Ga. Mar. 2, 2017); Mitchelle Art 89 Tr., 2015 WL 4394887, at *5-6 (after finding trustee-plaintiff could not appear without counsel, court dismissed complaint without prejudice and denied as moot trustee's pending motions).

### III. CONCLUSION

For the foregoing reasons, the motions to dismiss (Docs. 13, 16) are **GRANTED,** and Plaintiff's remaining motions (Docs. 21, 32, 34, 44) are **DENIED AS MOOT.** Consequently, the Court **DISMISSES** this action **WITHOUT PREJUDICE** and directs the Clerk to **TERMINATE** all motions and deadlines and close this case.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of March, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA